# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: _____

| | |
|---|---|
| Hope Lindsey, James Lindsey, and E. Lindsey, a minor child,<br><br>  Plaintiffs,<br>v.<br><br>American Accounts & Advisers, Inc.<br><br>  Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391b(2).

## PARTIES

4. Plaintiff Hope Lindsey is a natural person who resides in the City of Cottage Grove, County of Washington, State of Minnesota and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff James Lindsey is a natural person who resides in the City of Cottage Grove, County of Washington, State of Minnesota and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff E. Lindsey is a minor child (age 12) who resides in the City of Cottage Grove, County of Washington, State of Minnesota and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant American Accounts & Advisers, Inc. (hereinafter "Defendant") is a domestic corporation headquartered in Cottage Grove, Minnesota and is a collection agency licensed by the Minnesota Department of Commerce. Defendant regularly collects or attempts to collect consumer debts in the District of Minnesota, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Prior to the commencement of this lawsuit, Plaintiffs Hope and James Lindsey incurred a debt for services rendered by Summit Orthopedics, Ltd. (hereinafter "Summit") for treatment of their minor daughter Plaintiff E. Lindsey.

9. Because Plaintiff E. Lindsey was a minor, her parents took financial responsibility for the services rendered by Summit.

10. This alleged debt was obtained for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. After defaulting on the cost of services, Summit assigned, transferred, or sold the debt to Defendant, or otherwise employed Defendant, to initiate debt collection efforts on Summit's behalf.

12. Upon information and belief, Plaintiff E. Lindsey's age and/or date of birth information was included in the transfer between Summit and Defendant.

13. Plaintiff E. Lindsey was not the consumer as defined by 15 U.S.C. §§ 1692a(3) and 1692c(d) because she was not obligated to pay any debt and is therefore a third-party.

14. Summit was aware that E. Lindsey was twelve (12) years old.

15. Upon information and belief, Summit informed Defendant of E. Lindsey's date of birth.

16. On March 4, 2014, Defendant mailed a collection letter addressed to Plaintiff E. Lindsey without any reference to James or Hope Lindsey.

17. On April 1, 2014, Defendant mailed another collection letter again addressed to E. Lindsey without any reference to James or Hope Lindsey.

18. The March 4, 2014 and April 1, 2014 letters misrepresented the character and legal status of the debt by addressing it to Plaintiff E. Lindsey in violation of 15 U.S.C. § 1692e(2).

19. The March 4, 2014 and April 1, 2014 letters attempted to collect debt from a Plaintiff E. Lindsey though she was not legally obligated to pay it in violation of 15 U.S.C. § 1692f(1).

20. The March 4, 2014 and April 1, 2014 letters communicated with Plaintiff E. Lindsey, a third-party, about a debt that she was not obligated to pay Defendant in violation of 15 U.S.C. § 1692c(b).

21. The March 4, 2014 and April 1, 2014 letters aimed at Plaintiffs E. Lindsey were unfair, intimidating, harassing, and abusive in violation of 15 U.S.C. §§ 1692d and 1692f.

22. Upon information and belief, Defendant willfully sent debt collection letters to a minor without proper procedure to insure that those debt collection letters are not sent to third-parties.

23. On April 16, 2014, Plaintiff Hope Lindsey called Defendant to inquire about the collection letter.

24. The phone call between Plaintiff Hope Lindsey and Defendant was the first communication that Plaintiffs Hope and James Lindsey had with Defendant, either orally or in writing.

25. Defendant failed to inform Plaintiff Hope Lindsey that Defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

26. The April 16, 2014 phone conversation failed to make the required notices in 15 U.S.C. § 1692g.

27. The initial written communication to Plaintiff Hope Lindsey containing the § 1692g notices was dated April 24, 2014.

28. Defendant violated 15 U.S.C. § 1692g by not providing a required notices in the initial phone conversation or in a written letter within five days of the initial conversation.

29. Plaintiffs are worried that the debt will reflect negatively on E. Lindsey's current or future credit profile.

30. The repeated and harassing letters sent by Defendant have caused physical and emotional distress to Plaintiffs Hope, James, and E. Lindsey, including anxiety, anger, and frustration.

31. The disclosure of the debt to E. Lindsey has caused Plaintiffs Hope, James, and E. Lindsey embarrassment and humiliation.

## TRIAL BY JURY

32. Plaintiffs are entitled to and hereby demand a trial by jury pursuant to the Seventh Amendment to the U.S. Constitution and Federal Rule of Civil Procedure 38.

## CAUSES OF ACTION

### COUNT I.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT –
15 U.S.C. § 1692, *et seq*.**

33. Plaintiffs incorporate by reference the preceding paragraphs as though fully stated herein.

34. Defendant violated 15 U.S.C. § 1692c(b) by contacting a third-party minor, E. Lindsey, about a debt that Plaintiff Hope and James Lindsey were obligated to pay.

35. Defendant violated 15 U.S.C. §§ 1692e(2) and 1692f(1) by mischaracterizing the debt as belonging to Plaintiff E. Lindsey.

36. Defendant violated 15 U.S.C. § 1692e(11) by not disclosing to Plaintiff Hope Lindsey that it was a debt collector in its initial conversation with her.

37. Defendant violated 15 U.S.C. § 1692d by attempting to collect debt from Plaintiffs minor child who was not legally obligated to pay the debt.

38. Defendant violated 15 U.S.C. § 1692g by not providing Plaintiff Hope Lindsey with the required notifications within five days of the initial communication.

39. As a result of Defendant's violations of 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g, Plaintiffs have suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 to each plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY – Intrusion Upon Seclusion

40. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendant engaged in intentional and deliberate actions causing Plaintiffs James and Hope Lindsey's private financial information to be revealed to their minor child.

42. Defendant's actions were highly offensive and intruded on the Lindsey's family integrity and structure.

43. The conduct of Defendant resulted in an unreasonable intrusion upon Plaintiffs' right to seclusion and constituted an invasion of their privacy.

44. Defendant's actions caused Plaintiffs to suffer frustration, anxiety, emotional distress, and mental anguish.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant as follows:

- Actual damages in an amount to be determined at trial;
- Statutory damages in an amount to be determined at trial;
- Costs and reasonable attorneys' fees; and
- Other and further relief as may be just and proper.

Dated this 18th of June, 2014.                    Respectfully submitted,

By: s/Thomas J. Lyons Jr.
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons Jr., Esq.
Attorney I.D. #249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

*ATTORNEY FOR PLAINTIFFS*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF Washington        )

Hope Lindsey, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                                     s/Hope M. Lindsey
                                                                     Hope Lindsey

Subscribed and sworn to before me
this 13 day of June, 2014.


s/Thomas James Gese
Notary Public

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF Washington      )

James Lindsey, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                                s/James Lindsey
                                                                 James Lindsey

Subscribed and sworn to before me
this 16 day of June, 2014.

 s/Mai Yee Lee Vang
Notary Public

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF Washington    )

  Hope Lindsey as Legal Guardian for E. Lindsey, a minor, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


              s/Hope M. Lindsey
              Hope Lindsey as Legal Guardian for E. Lindsey, a minor

Subscribed and sworn to before me
this 13 day of June, 2014.


s/Thomas James Gese
Notary Public